United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFIA WASMAN,<br>Plaintiff,<br>v.<br>EDFINANCIAL SERVICES, LLC,<br>Defendant. | Case No. 26-cv-02126-JST<br><br>**ORDER GRANTING MOTION TO REMAND CASE**<br><br>Re: ECF No. 12 |

Before the Court is Plaintiff Sofia Wasman's motion to remand. ECF No. 12. The Court will grant the motion.

## I. BACKGROUND

Wasman filed this complaint against student loan servicer Defendant EdFinancial Services, LLC for misrepresentations in her consumer credit report about her creditworthiness. ECF No. 1-1 at 7–9. Wasman alleges that she was wrongly denied an auto loan on the basis of EdFinancial erroneously reporting a 90-day late payment. *Id*. at 9. Wasman filed a written dispute with EdFinancial, which it investigated but declined "to update the status of the credit report." *Id*. at 10. Wasman brings a single claim for violation of the California Consumer Credit Reporting Act ("CCRRA"), but she occasionally references the Federal Fair Credit Report Act ("FCRA") and alleges that "Experian (sic) violated 15 U.S.C. § 1681i of the Federal FCRA" under the CCRRA cause of action. *Id*. at 14.

Wasman filed this complaint in San Mateo County Superior Court on February 1, 2026. EdFinancial removed the case to this Court on March 11, 2026, alleging jurisdiction under 28 U.S.C. § 1331 over a purported FCRA claim and jurisdiction under 28 U.S.C. § 1367(a) over the CCRRA claim. ECF BI, 1 at 2–3. Wasman filed a motion to remand on March 25, 2025, arguing

United States District Court
Northern District of California

that there is no basis for federal question jurisdiction as she is only raising a CCRRA claim. ECF No. 12 at 4. EdFinancial filed an opposition on April 8, 2026, asserting that "on the face of the Complaint, Plaintiff presents a federal question: whether Edfinancial violated the FCRA." ECF No. 15 at 5. Wasman filed her reply on April 14, 2026.

## II. LEGAL STANDARD

"[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by [a] defendant . . . to [a federal] district court[.]" 28 U.S.C. § 1441(a). A case must be removed "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is . . . removable." *Id.* § 1446(b)(3). "When a civil action is removed solely under [S]ection 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A).

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). "A state cause of action invokes federal question jurisdiction only if it 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th Cir. 2012) (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

If the district court determines that it lacks jurisdiction, the action must be remanded back to state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005).

## III. DISCUSSION

Wasman moves for remand because she raises only a state cause of action over which there is no federal question jurisdiction. ECF No. 12. She asserts that her references to the FCRA were intended only to provide comparisons between the two claims and that she never intended to assert an FCRA claim. ECF No. 15 at 1–2. Along with her reply, Wasman also includes a proposed amended complaint she intends to file in state court if the case were to be remanded. *Id.* at 5–10. The proposed amended complaint references only a CCRRA claim and a state law breach of

contract claim. *Id.* at 7–8. EdFinancial claims that assertion of federal jurisdiction is proper due to the repeated references to the FCRA that are apparent on the face of the complaint. ECF No. 15 at 6–7.

It is now clear that Wasman does not assert a federal claim, notwithstanding her sporadic references to the FCRA. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted). Wasman's complaint is not a model of clarity, but federal must "resolve[] all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042 (citation omitted). That Wasman intends to clarify her pleading upon remand also weighs in her favor. *Cf. Schuster v. Gardner*, 319 F.Supp.2d 1159, 1164 (S.D. Cal. 2003) (granting plaintiff's motion to remand on the basis of an amended complaint that withdrew federal claims when plaintiff asserted that the federal claim was inadvertently included).

Because there is no federal question jurisdiction, the Court will remand the case to state court.

**CONCLUSION**

For the foregoing reasons, Wasman's motion to remand is granted. The Court remands this action to the San Mateo County Superior Court. The pending motion to clarify is denied as moot.

**IT IS SO ORDERED.**

Dated: July 16, 2026

JON S. TIGAR
United States District Judge